communications system," his work record, his "failure to even recognize the problem ... [which] raises serious doubts about any potential for rehabilitation," and the inadequacy of lesser penalties. Resp't's App. 137–38; *see Douglas*, 5 M.S.P.R. 280. We find no error in the Board's conclusion that the agency adequately considered the *Douglas* factors and properly exercised its discretion in selecting the penalty of removal.

We have considered Burks's remaining arguments and find them to be without merit.

### Costs

No costs.

Richard D. Kelly, Oblon, Spivak, McClelland, Maier, & Neustadt, L.L.P., of Alexandria, VA, argued for plaintiffs-appellants. With him on the brief were Stephen G. Baxter, Frank J. West, and Tia D. Fenton.

Scott B. Feder, Locke Lord, LLP, of Chicago, IL, argued for defendants-appellees. With him on the brief were Hugh S. Balsam, David B. Abramowitz and Patrick C. Gallagher; and Alan B. Clement, of New York, NY.

BRYSON, DYK, and PROST, Circuit Judges.

### JUDGMENT

PER CURIAM.

THIS CAUSE having been heard and considered, it is

ORDERED and ADJUDGED:

**AFFIRMED.** *See* **Fed. Cir. R. 36.**

SENJU PHARMACEUTICAL CO., LTD., Kyorin Pharmaceutical Co., Ltd., and Allergan, Inc., Plaintiffs–Appellants,

v.

APOTEX, INC. and Apotex Corp., Defendants–Appellees.

No. 2012–1179.

United States Court of Appeals, Federal Circuit.

Oct. 5, 2012.

NUCLIMATE AIR QUALITY SYSTEMS, INC., and James Miller, Plaintiffs–Appellees,

v.

AIRTEX MANUFACTURING PARTNERSHIP (successor in interest to M & I Heat Transfer Products, Ltd.), Defendant–Appellant.

No. 2012–1184.

United States Court of Appeals, Federal Circuit.

Oct. 5, 2012.